By the Couut.—McCunn, J.
This was an action for money on an account stated. The complaint sets out three causes of action: 1. It sets forth a claim for wof6, labor and services. 2. It sets out a claim for one-third of the of defendant’s as per *338 agreement. 3. It sets forth a claim for borrowed money ; and the fourth and last clause of the complaint alleges that plaintiff and defendant had an accounting and settlement between each other, and upon such accounting and settlement a compromise was agreed upon, whereby defendant agreed to pay plaintiff two thousand dollars in full of all claims and demands. The complaint asks for judgment for over seven thousand dollars. The case was referred, and the referee, after diligently and, we think, carefully examining all the facts and circumstances, found that the compromise, wherein defendant agreed to pay plaintiff two thousand dollars in full settlement, amounted to an accounting and settlement between the parties, and that they should be respectively bound thereby, and awarded judgment for plaintiff for two thousand dollars and interest.
We think this was correct. The evidence establishes a long account between the parties, some of which may, and was, disputed by the defendant, and to establish the items he offered proof. Some of this proof plaintiff tried to rebut, but all these questions were fully before the referee. The referee passed upon the truth of the facts elicited, and we cannot, therefore, disturb his findings. The rules governing courts in granting new trials are nearly as follows: First, if evidence material to the verdict, during the progress of the trial, be improperly received or rejected ; second, if the referee has misapplied the law ; third, if he is pecuniarily or otherwise interested in the litigation, he is disabled; fourth, if the successful party has been guilty of gross misconduct, or a mistake has been made in entering judgment; fifth, if the damages awarded be glaringly excessive or palpably insufficient. It is also deemed a good reason for granting a new trial on the issues, if it appears that the verdict or report was obtained by surprise, or that the report was mani *339 festly against the weight of evidence and was perverse. None of these causes can in any way be taken advantage of in this cause.
It is the sound policy of the law to permit parties to settle disputes and adjust disputed facts between themselves. Here was a plausible and, perhaps, proper claim made by plaintiff for a very large amount. It was disputed by defendant. The parties came together, and defendant first offered one thousand dollars; this was refused. He then offered two thousand dollars ; this was accepted. Now, the compromise even of a doubtful claim, when procured without deceit (such deceit as would vitiate a contract), concludes the parties (McGee v. Badger, 30 Barb. 246 ; Hoge v. Hoge, 1 Watts, 216; Russell v. Cook, 3 Hill, 504).
The exceptions to the referee’s report should be overruled, and judgment should be affirmed.